CT Corporation

**Service of Process Transmittal**
01/17/2019
CT Log Number 534753448

**TO:**   Debra Roberts, Executive Assistant
Tractor Supply Company
5401 Virginia Way
Brentwood, TN 37027-7536

**RE:**   **Process Served in West Virginia**

**FOR:**   TRACTOR SUPPLY COMPANY  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marty Atwell, Pltf. vs. Tractor Supply Company and Mary Morgan, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Attachment(s), First Set of Interrogatories |
| **COURT/AGENCY:** | Circuit Court of Mercer County, WV<br>Case # 18C337 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 02/24/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/17/2019 postmarked on 01/14/2019 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Brian E. Bigelow<br>Farmer, Cline & Campbell, PLLC<br>PO Box 5559<br>101 North Kanawha Street, Suite 101<br>Beckley, WV 25801<br>304-252-5990 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/18/2019, Expected Purge Date: 01/23/2019<br><br>Image SOP<br><br>Email Notification,  Karen Austin  kaustin@tractorsupply.com<br><br>Email Notification,  Ben Parrish  bparrish@tractorsupply.com<br><br>Email Notification,  Debra Roberts  deroberts@tractorsupply.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1627 Quarrier St<br>Charleston, WV 25311-2124 |
| **TELEPHONE:** | 302-658-7581/7582/7583 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

6.79

CERTIFIED MAIL

U.S.POSTAGE >> PITNEY BOWES

ZIP 25311
02 4W          $ 006.79⁰
0000336774 JAN 14 2019

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 4566 24

**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

TRACTOR SUPPLY COMPANY
C. T. Corporation System
1627 QUARRIER ST.
CHARLESTON, WV 25311-2124

| | |
|---|---|
| **Control Number:** 232417 | **Agent:** C. T. Corporation System |
| **Defendant:** TRACTOR SUPPLY COMPANY | **County:** Mercer |
| 1627 QUARRIER ST. | **Civil Action:** 18-C-337 |
| CHARLESTON, WV 25311-2124 US | **Certified Number:** 92148901125134100002456624 |
| | **Service Date:** 1/11/2019 |

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS

## IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

**MARTY ATWELL,**

        **Plaintiff,**

v.                                                                CIVIL ACTION NO.: _18-C-337_
                                                                 HONORABLE: _Swope_

**TRACTOR SUPPLY COMPANY and
MARY MORGAN,**

        **Defendants.**

TO:    **TRACTOR SUPPLY COMPANY
       CT CORPORATION SYSTEM
       1627 QUARRIER STREET
       CHARLESTON, WV   25311-2124**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required

to serve upon **Brian E. Bigelow,** Plaintiff's attorney, whose address is **P.O. Box 5559, 101 N. Kanawha**

**Street Suite 101, Beckley, West Virginia 25801,** an answer, including any related counterclaim you may

have, to the **Complaint** filed against you, along with **"Plaintiff's First Set of Interrogatories and Requests**

**for Production of Documents Directed to Tractor Supply Company"** in the above-styled civil action, a

true copy of which is herewith delivered to you.  You are required to serve your answer to the Complaint

within thirty (30) days after service of this Summons upon you, exclusive of the day of service.  If you fail

to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you

will be thereafter barred from asserting in another action any claim you may have which must be asserted

by counterclaim in the above-styled civil action.  The attached discovery requests contain the information

about when and how your responses to those requests may be made.

Dated: _12/17/2018_

                                        _Julie Ball_
                                        Clerk of Court

                                    By: _Cuytal Wooley_

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

```
                                                    FILED
                                                  DEC 17 2018
                                                   JULIE BALL
                                               CLERK CIRCUIT COURT
                                                 MERCER COUNTY
```

MARTY ATWELL,
       **Plaintiff,**

v.
                                 CIVIL ACTION NO.: 18-C-337
                                 HONORABLE: Swope

TRACTOR SUPPLY COMPANY and
MARY MORGAN,
       **Defendants.**

## COMPLAINT

Now comes the Plaintiff, Marty Atwell, by and through his counsel, Farmer, Cline &
Campbell, PLLC, and states the following for his Complaint:

### Parties & Jurisdiction

1.     Plaintiff, Marty Atwell (hereinafter "Plaintiff"), is a resident of the State of West
Virginia.

2.     Defendant Tractor Supply Company (hereinafter "Defendant Tractor Supply") is a
Tennessee corporation having a principal office address of 5401 Virginia Way, Brentwood,
Tennessee 37027.

3.     Defendant Mary Morgan (hereinafter "Defendant Morgan") is, upon information and
belief, a resident of the State of West Virginia.

4.     Upon information and belief, at all times relevant to the claims asserted in this
Complaint, Defendant Morgan was an agent and/or employee of Defendant Tractor Supply.

5.     This Court has jurisdiction over this matter as the claims asserted in this action arise
out of an incident in which the Plaintiff sustained injuries from the tortious conduct of Defendant
Morgan while she was in the course and scope of her employment with Defendant Tractor Supply
at its business located in Mercer County, West Virginia.

6.      Pursuant to *West Virginia Code* § 56-1-1, Mercer County is an appropriate venue for this action as it is the County where the events giving rise to this cause of action arose.

## COUNT I - Negligence/Recklessness

7.      The Plaintiff incorporates, by reference, all preceding allegations contained within this Complaint.

8.      On February 24, 2017, the Plaintiff and his father were business invitees at Defendant Tractor Supply's store located at 3955 E. Cumberland Road, Bluefield, WV 24701 where the Plaintiff's father decided to purchase a Winchester TS-15-11 gun safe.

9.      The Winchester TS-15-11 gun safe (hereinafter "gun safe") is constructed of metal, weighs 299 lbs, is 59 inches tall, 24 inches wide and 18 inches deep.

10.     In conjunction with the purchase of the gun safe and due to its size and weight, Defendant Tractor Supply's agent/employee, Defendant Morgan, boarded a forklift, picked up the gun safe, and drove the forklift with the gun safe towards the rear of a truck belonging to Plaintiff Atwell's father in the parking lot.

11.     As Defendant Morgan drove the forklift and gun safe towards the truck, the Plaintiff got into the bed of the truck to help load the safe onto the truck.

12.     When Defendant Morgan attempted to load the gun safe into the back of the truck, she negligently, carelessly and/or recklessly, pulled the forks of the forklift back before ensuring that the safe would be placed in the bed safely thereby causing the gun safe to topple over and onto Plaintiff Atwell's lower extremity.

13.     As a direct and proximate result of Defendant Morgan's negligent, careless and/or reckless conduct and the event described above, the Plaintiff suffered injuries to his body for which he has and will continue to experience and/or incur:

2

(a)     medical expenses, past and future;

(b)     pain and suffering, past and future;

(c)     physical limitations;

(d)     diminished capacity to enjoy life;

(e)     annoyance and inconvenience; and

(f)     other consequences and damages associated with his injuries as may be
        specified as this action progresses.

## COUNT II

### Vicarious Liability - Tractor Supply Company

14.     The Plaintiff incorporates by reference all preceding allegations contained within this
Complaint.

15.     At the time of the above-described incident on February 24, 2017, Defendant Morgan
was an agent, servant and/or employee of Defendant Tractor Supply.

16.     Defendant Morgan was engaged in her employment individually, and as an agent,
servant and/or employee of Defendant Tractor Supply at the time of the events described herein.

17.     All actions and omissions alleged in this Complaint against Defendant Morgan were
committed by Defendant Morgan while she was within the course and scope of her agency and/or
employment with Defendant Tractor Supply and, as such Defendant Tractor Supply is vicariously
liable for all negligent, reckless, and/or wrongful actions or omissions of Defendant Morgan.

18.     Plaintiff Atwell, as a direct and proximate result of the Defendants' wrongful conduct
and the events described above, suffered injuries to both body and mind.

3

**WHEREFORE,** Plaintiff Marty Atwell requests that he be awarded judgment against Defendants Tractor Supply Company and Mary Morgan, for the following:

(a)    compensatory damages in an amount to be determined by a jury;

(b)    punitive damages, to the extent that the conduct of the Defendant warrants such damages;

(c)    pre-judgment and post-judgment interest as allowed by law;

(d)    attorneys' fees, costs, and expenses incurred in connection with this action;

(e)    such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Marty Atwell,

Plaintiff,

By Counsel:

ROBERT D. CLINE, JR. (W. Va. State Bar No. 755)
BRIAN E. BIGELOW (W. Va. State Bar No. 7693)
BENJAMIN N. HATFIELD (W. Va. State Bar No. 11528)
FARMER, CLINE & CAMPBELL, PLLC
PO Box 5559
101 North Kanawha Street, Suite 101
Beckley, West Virginia 25801
(304) 252-5990

4

FILED

DEC 1 7 2018

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

### IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

I.   CASE STYLE:

Plaintiff

**MARTY ATWELL**

vs.

Case # 18-C-331

Judge: Swope

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| **TRACTOR SUPPLY COMPANY**<br>**CT CORPORATION SYSTEM**<br>**1627 QUARRIER STREET**<br>**CHARLESTON, WV  25311-2124** | 30 | **Secretary of State** |
| **MARY MORGAN**<br>**539 COVE STREET**<br>**PRINCETON, WV 24740** | 20 | **Personal** |

Original and 4  copies of Complaint furnished herewith.

| PLAINTIFF:   **MARTY ATWELL**<br>DEFENDANT: **TRACTOR SUPPLY COMPANY and MARY**<br>**MORGAN** | **CASE NUMBER:** |
|---|---|

II.   **TYPE OF CASE:**

| TORTS | OTHER   CIVIL | |
|---|---|---|
| ☐  **Asbestos** | ☐  **Adoption** | ☐  Appeal from Magistrate Court |
| ☐  **Professional Malpractice** | ☐  **Contract** | ☐  **Petition for Modification of**<br>**Magistrate Sentence** |
| ■  **Personal Injury** | ☐  **Real Property** | ☐  **Miscellaneous Civil** |
| ☐  **Product Liability** | ☐  **Mental Health** | ☐  **Other** |
| ☐  **Other Tort** | ☐  **Appeal of Administrative**<br>**Agency** | ☐  **Fraud and Conversion** |

III.   **JURY DEMAND:**  ■ **Yes**   ☐ **No**
   **CASE WILL BE READY FOR TRIAL BY** *(MONTH/YEAR):*  **12** / **19**

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
   ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   ☐ **YES**   ■ **NO**
   IF YES, PLEASE SPECIFY:
   ☐ Wheelchair accessible hearing room and other facilities
   ☐ Interpreter or other auxiliary aid for the hearing impaired
   ☐ Reader or other auxiliary aid for the visually impaired
   ☐ Spokesperson or other auxiliary aid for the speech impaired
   ☐ Other:   Unknown at this time

*Attorney Name:*  BRIAN E. BIGELOW (WV State Bar No. 7693)       Representing:

*Firm:*       FARMER, CLINE & CAMPBELL, PLLC              ■ *Plaintiff*   ☐ *Defendant*

*Address:*       P.O. Box 5559

         101 North Kanawha St., Suite 101            ☐ *Cross-Complainant*

          Beckley, WV 25801                 ☐ *Cross-Defendant*

*Telephone:*      (304) 252-5990                   Dated:  December 18, 2018

                               *Signature*

_____☐ *Pro Se*

**IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA**

FILED

DEC 1 7 2018

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

**MARTY ATWELL**

      **Plaintiffs,**

v.

**TRACTOR SUPPLY COMPANY and
MARY MORGAN,**

      **Defendants.**

CIVIL ACTION NO.: 18-C-337
HONORABLE: Swope

### PLAINTIFF'S' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO TRACTOR SUPPLY COMPANY

Pursuant to the provisions of Rules 26, 33 and 34 of the *West Virginia Rules of Civil Procedure*, the Plaintiff, Marty Atwell, by and through his counsel, Farmer, Cline & Campbell, PLLC, hereby request that Defendant Tractor Supply Company answer, in writing and under oath, the following Interrogatories and Requests for Production of Documents and that service of Defendant Tractor Supply Company's answers to these discovery requests be made upon Plaintiffs' counsel within forty-five (45) days.

### INSTRUCTIONS

1.      For the purposes of these discovery requests, Defendant Tractor Supply Company shall be referred to as "you" or "your," unless otherwise indicated.

2.      · For the purposes of these discovery requests, Defendant Mary Morgan shall be referred to as "Defendant Morgan," unless otherwise indicated.

3.      For the purposes of these discovery requests, the "incident" refers to the incident that occurred on February 24, 2017 at the Tractor Supply Company Retail Store, in Mercer County, West Virginia, and which is more specifically identified in the Complaint.

4.     For the purposes of these discovery requests, the Tractor Supply Company Retail Store, in Mercer County, West Virginia, shall be referred to as the "store" unless otherwise specified.

5.     These discovery requests are continuing in nature so as to require you to file supplemental answers promptly in the event you obtain further information subsequent to the date of your initial responses.

6.     Each discovery request is to be answered separately and as completely as possible The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each discovery request as fully as possible.  The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name, fact, or item was not known to you, your counsel, or other representatives at the time of service of your responses to these discovery requests.

7.     As used in these discovery requests, the term "document" shall be understood to apply to and shall include without limitation all written, graphic, photographic, electromagnetic or recorded matter, however reproduced or produced, of every kind and description.  The term "document" also refers to originals (or copies where originals are unavailable) of any files, correspondence, publications, teletype messages, telexes, notes, or visual or sound recordings of any type of telephone conversations, meetings, conferences, compilations, studies, tabulations, tallies, maps, diagrams, drawings, plans, pictures, movies, computer runs, computer data bases, advertising and promotional materials, proposals, reports, notebooks, minutes and records of any type of director meetings, memoranda of all types, inter-office communications, reports, contracts, agreements, ledgers, books of account, vouchers, bank checks, financial statements, working papers, statistical analyses, invoices, purchase orders, notebooks, desk calendars, appointment books, diaries, time sheet logs,

abstracts, summaries, and any analyses of the above, and other documents similar to the foregoing, however denominated, whether or not in your personal control or possession.

8.    If you object to all, or a portion of, a discovery request you should answer as much of the discovery request as is not, in your view, objectionable, and separately state which portion of the discovery request you object to and the grounds for your objection.

9.    If you believe all, or a portion of, a discovery request calls for privileged information, you should answer as much of the discovery request which does not, in your view, call for privileged information, and separately state which portion of the discovery request you believe calls for privileged information and the basis of each claimed privilege.

10.    If you assert that any requested document is privileged, please identify the following:

    a.    The author of the document;

    b.    The current custodian of the document;

    c.    The date of the document;

    d.    The subject matter and title of the document;

    e.    The number of pages of the document;

    f.    The identities of the individuals who received or saw copies of the document; and

    g.    The specific grounds on which the privilege has been asserted.

11.    If any document requested has been lost, destroyed, or is otherwise unavailable for inspection, photocopying, or reproduction, identify the authors, addressees, the last custodian of the document, and the circumstances surrounding the document's loss, destruction, or unavailability. Further, please provide a description of the document if you are able to do so.

12.     Unless otherwise specified, these discovery requests refer to the time, place and circumstances of the occurrences complained of in the pleadings filed in this case.

13.     Where knowledge, information, or possession of a document is requested of you, such request includes knowledge, information, or possession of your agents, representatives, and, unless privileged, your counsel.

14.     Where the name or identity of an individual is requested, please include the individual's full name, residential address and telephone number, business address and telephone number and, where applicable, the individual's corporate title or position.

## INTERROGATORIES

1.     Please identify each person who prepared or assisted in the preparation of your responses to these discovery requests.

**ANSWER**:


2.     Please identify all licenses, permits and authorizations which you hold and rely upon in operating your business.  In your response to this Interrogatory, please indicate the date each license, permit or authorization was first obtained, the agency which issued each license, permit or authorization and the current status of each license, permit or authorization.

**ANSWER**:


3.     In regard to your relationship with Defendant Morgan, please identify the following:

     (a)     The nature of the relationship;

     (b)     The dates during which Defendant Morgan was employed by or was otherwise working for you;

4

    (c)    If Defendant Morgan is no longer employed by or working for you, the reason for her departure; and

    (d)    Defendant Morgan's job duties and responsibilities in general and specifically on February 24, 2017.

**ANSWER:**


4.    Identify the owner and lessor/lessee of the machine that Defendant Morgan was operating at the time of the incident.

**ANSWER:**


5.    Please describe all training provided by you or required by you, prior to you allowing a person to operate a forklift or other machine/heavy equipment on your behalf. Your response to this interrogatory should include, but not be limited to, a description of all training provided to Defendant Morgan.

**ANSWER:**


6.    Please describe all policies, procedures, directives, instructions, plans, or signs that Tractor Supply Company had with regard to the operation of machinery or heavy equipment on company property and/or in any parking lot thereof.

**ANSWER:**


7.    Please describe all policies and procedures you have adopted, since the incident, related to employees operating machinery/heavy equipment.

**ANSWER:**

8.      Please identify all complaints you received, in the five (5) years preceding the incident, regarding any of your workers and their actions or inactions related to the operation of machinery or heavy equipment on Tractor Supply Company property.

**ANSWER:**

9.      Please identify all complaints that you received regarding Defendant Morgan, at any time since she first began working for you.

**ANSWER:**

10.      Please state whether, in the five (5) years preceding the incident, your employees and/or agents have ever been involved in any incident whereby someone was injured or something was damaged as a result of an employee operating a machine or other heavy equipment. For each incident or accident, please identify the date the accident occurred, where it occurred, how the incident occurred, and any policies changes or information that was shared with other employees as a result of the incident or accident.

**ANSWER:**

11.      If you have ever been a party to any other lawsuit involving allegations that the wrongful acts of your employee/agent caused an accident while operating a machine or heavy

6

equipment and which resulted in personal injury, in the past ten (10) years, please provide the following information for each lawsuit:

      (a)    The complete style of the lawsuit; and

      (b)    The disposition of each such lawsuit (i.e. whether the case was dismissed, settled, or resulted in a jury verdict).

**ANSWER:**

12.    Please state: (a) when you became aware of the incident; (b) the information that was provided to you regarding the incident; and (c) the person or persons who provided you with the information you identified in response to subsection (b) of this Interrogatory.

**ANSWER:**

13.    Please provide a detailed description of how the incident referenced in the Complaint occurred, including but not limited to a description of your employee, Defendant Mary Morgan's actions on the day of the incident and at the time of the incident, as well as an explanation of whom you believe was responsible for the incident.

**ANSWER:**

14.    Please identify all post-accident testing that you administered, you had administered, or you were aware was administered to Defendant Morgan after the incident and the results of such testing. Please also include in your response the dates, exact times and locations where all such tests were performed.

**ANSWER:**

7

15.    Please identify all drug and alcohol testing policies and procedures you have for your employees.

**ANSWER**:


16.    For each instance in which you have performed a drug and/or alcohol test, or required Defendant Morgan to submit to a drug and/or alcohol test, please identify:

(a)    the date of the testing;

(b)    the type of testing; and

(c)    the results of the testing.

**ANSWER**:


17.    In separate sentences, please state, separately and individually, each and every fact or contention upon which you rely in asserting that Marty Atwell and/or any other person or entity is somehow at fault for the incident.

**ANSWER**:


18.    Please identify all persons, including their full name and address, with discoverable knowledge regarding any facts pertaining to the incident.

**ANSWER**:


19.    Do you know of any person who claims to have heard any of the parties to this action, or any of their representatives, make any statement pertaining to the events which are the subject of

this action, and, if so, please state what was said and indicate the full name and last known address of such person, giving the street, street number, city, and state, of every such person known to you or your attorneys, as well as when and where the statement was allegedly made.

**ANSWER:**

20.     For each investigation conducted by you or any other person, entity or government department, please identify the name of the person or entity who conducted the investigation, the nature of the investigation, the full names, addresses, and telephone numbers of any persons interviewed during the course of the investigation, the results of the investigation, and a description of any pictures taken or obtained or documents created or obtained during the investigation.

**ANSWER:**

21.     Please identify by name, policy number, and amount of coverage any and all insurance policies applicable to the claims asserted against you in this action, including any excess or umbrella policies. Additionally, if the insurance coverage available for the Plaintiff's claims has, in any way, been reduced by payments to other persons, please identify the recipient of each payment, the date of each payment, and the total amount of each payment.

**ANSWER:**

22.     Please identify and provide all Rule 26(b)(4) information for each expert you intend to call at the trial of this action.

**ANSWER:**

9

23.     Please identify all fact witnesses you intend to call at the trial of this action.

**ANSWER:**


24.     Please identify all exhibits you intend to introduce at the trial of this action.

**ANSWER:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce a copy of all documents you relied upon in answering the preceding Interrogatories.

**RESPONSE:**


2.     Please produce a copy of all licenses, permits, authorizations and registration, including but not limited to those related to the operation of a forklift, held by Defendant Morgan at the time of the incident and any documents referencing any revocations or suspensions of any of those licenses, permits, authorizations, and registrations, in the past ten (10) years.

**RESPONSE:**


3.     Please produce a copy of all title, registration and/or lease documents for the vehicle/machine involved in the incident.

**RESPONSE:**

4.    Please produce a copy of any record documenting that Defendant Morgan successfully completed the training necessary to operate a forklift.

**RESPONSE**:


5.    Please produce a copy of the front and back of Defendant Morgan's driver's license(s).

**RESPONSE**:


6.    Please produce a copy of the front and back of Defendant Morgan's certificate to operate a fork truck.

**RESPONSE**:


7.    Please produce a copy of any job description that exists for the job that Defendant Morgan was hired to perform, or the work she was performing on the date of the incident, and all requirements for the job.

**RESPONSE**:


8.    Please produce a copy of Defendant Morgan's personnel file and all other files/documents maintained with regard to her work for you.

**RESPONSE**:


9.    Please produce copies of all employee orientation or training materials you provided to Defendant Morgan or others provided to Defendant Morgan regarding her work for you or at the

store.

**RESPONSE:**

10.    Please produce a copy of all documents related to training that you provided to Defendant Morgan and/or training, licenses, or certifications you required her to complete/possess before working for you.

**RESPONSE:**

11. .    Please produce a copy of all documents received by you as part of your investigation into the background and qualifications of Defendant Morgan which have not been produced in response to the previous discovery requests.

**RESPONSE:**

12.    Please produce a copy of all rules, protocols, standards, policies, directives, and/or procedures which governed the conduct of persons employed by you or working for you, in the same capacity as Defendant Morgan was working on the date of the incident.  This request includes rules, protocol, standards, policies, directives, and/or procedures that either you or any other entity had regarding the work that was being performed at the store.

**RESPONSE:**

13.    Please produce all documents in your possession related to any policies, procedures, directives, instructions, plans, or signs that you had, at the time of the incident, with regard to operating any machinery while on store property including the parking lot.

**RESPONSE**:

14.     Please produce all documents in your possession related to any policies, procedures, directives, instructions, plans, or signs that you adopted, since the incident, with regard to operating any machinery while on store property including the parking lot.

**RESPONSE**:

15.     Please produce a copy of all documents reflecting any complaints you received, in the five (5) years preceding the incident, regarding any employee and their operation of a forklift or machine.

**RESPONSE**:

16.     Please produce all documents reflecting Defendant Morgan's violations of any policy, procedure, directive, instruction, plan, or disobedience of any sign or marking on the date of the incident or any other date during the duration of her employment..

**RESPONSE**:

17.     Please produce a copy of all documents which reflect or pertain in any way to disciplinary actions taken by you against Defendant Morgan or warnings issued by you to Defendant Morgan from the time she began working for you until the present.

**RESPONSE**:

18. Please produce a copy of all incident and/or reports for any incident in which a Tractor Supply machine and/or employee was involved, in the last ten (10) years, and which resulted from an employee injuring a customer or business invitee.

**RESPONSE:**

19. Please provide a copy of all write-up(s) or notices of violations your employees received in connection with their operation of a machine owned, leased, or rented by you, at anytime within the past ten (10) years, and which resulted from an employee operating a machine without proper documentation, certification, license, or permission.

**RESPONSE:**

20. .Please provide a copy of all write-up(s) or notices of violations your employees received in connection with their operation of a machine owned, leased, or rented by you, at anytime within the past ten (10) years, and which resulted from an employee injuring a customer or business invitee.

**RESPONSE:**

21. If, in the past ten (10) years, you have been a party to any type of personal injury lawsuit, or personal injury claim prior to a lawsuit being filed, which resulted from an incident or accident whereby a person or property was allegedly damaged when one of your employees was in the process of operating a forklift or machine, please produce a copy of any and all documents pertaining to such claim or lawsuit.

14

**RESPONSE:**

22.    Please provide all documentation relating to the complaints, investigations, and actions taken in response to any complaints regarding Defendant Morgan.

**RESPONSE:**

23.    Please provide all documentation relating to the complaints, investigations, and actions taken in response to any complaints regarding any employee if derived from the operation of a forklift or machine.

**RESPONSE:**

24.    Please produce copies of all audio, video, data, or documentation obtained from any technology (i.e. event data recording devices, video recording devices, or satellite or global tracking or positioning devices) that captured any image of the incident.

**RESPONSE:**

25.    Please produce a copy of all inspection reports for the machine involved in the incident for the six (6) months period preceding the incident, and all service records for the machine for the same time frame.

**RESPONSE:**

26.    Please produce a copy of all documents referencing how you were notified of the incident.

**RESPONSE:**

15

27.     Please produce a copy of all documentation related to any post-incident testing performed on Defendant Morgan or the machine she was operating at the time of the incident.

**RESPONSE:**


28.     Please produce a copy of all documents related to any drug or alcohol test you have required of Defendant Morgan.

**RESPONSE:**


29.     Please produce a copy of all safety and compliance reviews of your operations conducted at any time within the five years preceding the incident.

**RESPONSE:**


30.     Please produce a copy of all documents related to job duties of Defendant Morgan on February 24, 2017, as well as the seven (7) days before and the seven (7) days after February 24, 2017.

**RESPONSE:**


31.     Please produce a copy of any and all documents that in any way support your contention that Marty Atwell and/or any other person or entity is at fault for the incident.

**RESPONSE:**

32.     Please produce a copy of any and all reports, statements, recordings, memoranda, or testimony, whether signed or not, of any witness or person believed or understood by you to have knowledge of any of the matters which are the subject of this action.

**RESPONSE:**


33.     Please produce a copy of all documents related to the investigation of the incident at issue in this action, whether such documents were prepared by you or some other person or entity.

**RESPONSE:**


34.     Please produce a copy of all photographs, videos, slides, motion pictures, diagrams, maps, schematics, graphs, models, or other illustrative representations, not previously produced, pertaining, in any way, to the parties, the scene, and/or the instrumentalities and/or physical objects, involved in the incident referenced in the Complaint.

**RESPONSE:**


35.     Please produce a copy of all reports, not previously produced, generated as a result of any inspection, examination, or investigation of the scene of the incident, or the machine involved in the incident.

**RESPONSE:**


36.     Please produce a copy of all correspondence, including, but not limited to, electronic communications, between you and your insurance carrier, you and any other defendant to this action

17

and/or you and any party's insurance carrier related to the claims asserted in this action.

**RESPONSE:**

37.     To the extent not already produced, please produce a copy of all reservations of rights letters received by you related, in any way, to the claims asserted against you in this action.

**RESPONSE:**

38.     Pursuant to Rule 26(b)(2) of the *West Virginia Rules of Civil Procedure*, please produce a copy of all insurance policies applicable to the claims asserted against you in this action, including, but not limited to any excess or umbrella policies.

**RESPONSE:**

39.     Please produce a privilege log for any documents responsive to the above discovery requests that you are withholding based upon any claim of privilege.

**RESPONSE:**

MARTY ATWELL,

Plaintiff,

By Counsel

_____

ROBERT D. CLINE, JR (W.Va. State Bar No. 755)
BRIAN E. BIGELOW (W.Va. State Bar No. 7693)
BENJAMIN N. HATFIELD (W.Va. State Bar No. 11528)
FARMER, CLINE & CAMPBELL, PLLC
PO Box 5559
101 North Kanawha Street, Suite 101
Beckley, West Virginia 25801
(304) 252-5990